In the Matter of the CITY OF NEW YORK, Respondent, Acting on Behalf of the New York Housing Authority, Relative to Acquiring Title to Real Property Bounded by Pulaski Street and Other Streets for a Public Housing Project to be Known as De Kalb Houses, in the Borough of Brooklyn. EDNA WALKER et al., Appellants.— In a condemnation proceeding, the owners and the mortgagee of Damage Parcel No. 87 appeal from so much of a decree of the Supreme Court, Kings County, entered April 18, 1962 upon the court's decision after a nonjury trial, as limited to $9,000 the award for the said parcel. Decree, insofar as appealed from, reversed on the law and on the facts, with one bill of costs to the appellants; and the matter remitted to the Condemnation Special Term for further hearings and for a determination *de novo* not inconsistent herewith. The record now before us fails to disclose: (a) the extent of the rehabilitation improvements made by prior owners of the subject parcel; (b) the dates upon which such improvements were made by the prior owners; (c) the nature and extent of any such improvements made by the present owner claimants since their acquisition of title; (d) the *bona fides* of the purchase-money second mortgage executed by the present owner claimants; and (e) the rental value of each apartment in the dwelling house upon said parcel. By reason of the absence of proof upon the matters stated, the present record fails to afford an adequate basis for determining the true value of this parcel at the time of its taking by the condemnor. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

In the Matter of JOHN F. HORKAN, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Proceeding under article 78 of the former Civil Practice Act, by petitioner, an employee of the New York City Transit Authority: (a) to annul its determination made November 28, 1962 after a hearing, sustaining against him charges that he violated its rules 4 (a), 4 (d) and 11 (a), and demoting him from his position of motorman to the position of conductor as of December 3, 1962; and (b) to direct the Authority to reinstate him to his former position. By order of the Supreme Court, Kings County, made May 15, 1963, pursuant to statute (former Civ. Prac. Act, § 1296), the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. While we find no substantial evidence in this record to support the charge that petitioner violated rules 4 (a) and 11 (a), there is sufficient evidence to support the charge that he violated rule 4 (d). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.